Dear Mr. Landry,
You have requested an opinion of this office regarding whether the Iberia Parish Council may reimburse Mr. Caesar Comeaux for legal expenses he incurred defending himself from charges brought against him by the Board of Ethics.
The following facts (made part of the opinion request and attachments submitted by your office) are relevant to your inquiry: On July 25, 2007, the Iberia Parish President resigned from office. The Iberia Parish Council appointed Mr. Ceasar Comeaux, who was then serving as a councilman, to fill the vacancy. Mr. Comeaux did not seek the office and acted on his attorney's advice in accepting the office. He recused himself from the vote appointing him to serve as parish president. He also filed a disclosure in the record once the vote passed. As a result of his service as parish president, the Board of Ethics brought charges against Mr. Comeaux for a violation of the Code of Governmental Ethics, specifically, La.R.S. 42:1113(A), and in the alternative La.R.S.42:1121(A)(2).
During the 2009 Regular Legislative Session, the Legislature, by all but one vote, enacted Act 308, which amended La.R.S. 42:1113(A) of the Code of Governmental Ethics. The amended law provides that Section 1113(A) does not *Page 2 
prohibit a municipal or parish governing authority from appointing one of its members to fill a vacancy. This new law was passed by the Legislature in response to Mr. Comeaux's ethics case, but was not made retroactive. The new law became effective August 15, 2009. That Mr. Comeaux could not take advantage of the amended law was noted in detail in pages 7-8 of the Decision and Order issued in his case.
With respect to the violation of La.R.S. 42:1113(A), the Decision and Order in the case states, "even though the Respondent demonstrated no intent to disobey the law . . . [s]ince the amendment [to La.R.S. 42:1113] was not retroactive, we concluded that a violation took place in 2007. The Board dismissed the charge of a violation of La.R.S. 42:1121(A)(2) "because the alternative charge is not relevant to the facts" of the case.
After finding that Mr. Comeaux violated La.R.S. 42:1113(A) as it was written in 2007, the court found that enough mitigating circumstances were present (as set forth in the first paragraph of this opinion) to justify not assessing any penalty to Mr. Comeaux. The court stated, "the Respondent's mitigating circumstances are exceptional. We considered these exceptional circumstances in conjunction with the jurisprudence, and conclude the Respondent should not be fined for the violation" (emphasis added).
Our office is frequently asked to opine on whether a public official may be reimbursed for legal expenses he incurred defending himself from charges brought against him as a result of the performance of his official duties. We have consistently stated that if a local public official or employee is sued for civil damages or charged with crime and is found not liable or not guilty and the allegations arose out of the performance of his official functions, then the public body that employs that person may, but does not have to, pay or reimburse the attorney's fees and expenses for the defense of the suit, provided the expenses were reasonable and necessary. See La. Atty. Gen. Op. Nos. 08-0319, 07-0045, 01-94, 99-180, 94-384, 87-699, and 80-105; see also La. Atty. Gen. Op. No. 89-401, which opined that a public official acting beyond the course and scope of his duties is not entitled to attorney's fees for the defense of civil or criminal actions brought against him.
We have also issued several opinions that specifically addressed reimbursement of public officials for legal fees incurred in defending against charges brought by the Board of Ethics. They are summarized as follows:
La. Atty. Gen. Op. No. 07-0041 concluded that a waterworks district may reimburse legal expenses incurred by former commissioners in connection with an investigation by the Board of Ethics, where the commissioners were "not found to be in violation or guilty of the allegations against them." Id. *Page 3 
La. Atty. Gen. Op. No. 00-224 concluded that the Town of Abita Springs could reimburse a town official for legal services incurred concerning an investigation conducted by the Louisiana Board of Ethics, where "the official successfully defended himself in the investigation." Id.
La. Atty. Gen. Op. No. 97-117 stated, "[t]he information you provided our office clearly shows that the executive director was exonerated from criminal charges as well as alleged ethics violations. It is therefore the opinion of this office that it is permissible for the public body here involved . . . to reimburse the executive director for her legal fees arising out of each proceeding."
La. Atty. Gen. Op. 96-152 concluded that a police jury "is not liable for, nor should it reimburse, the fine imposed against a police juror by the Board of Ethics for an elected official in connection with a finding of a violation of the Code of Governmental Ethics."
La. Atty. Gen. Op. 95-242 opined that "[s]ince public employee was exonerated of one of two allegations under investigation by the Ethics Commission, and the Ethics Commission declined to investigate the other allegation and closed its file, the Department of Wildlife and Fisheries would not be prohibited from reimbursing its employee's legal fees."
Finally, La. Atty. Gen. Op. Nos. 94-369A and 94-192, which addressed the same factual scenario, concluded that "legal fees incurred by West Jefferson Levee District's Deputy Director in defense of ethics violations allegations cannot be reimbursed by the Levee District, as Deputy Director was not exonerated by Ethics Commission."
In each of these opinions, the determinative issue was whether the public official had been exonerated or found not guilty of the charges brought against him. Only if the public official was exonerated is it necessary for the public entity wishing to reimburse the legal expenses to determine whether the actions that gave rise to the charges were done in the performance of official duties and whether the amount to be reimbursed is necessary and reasonable. If the public official was found guilty or liable for the charges brought against him, then the public official may not be reimbursed for his legal expenses.
The Decision and Order rendered in the Comeaux case clearly states that "[t]he Ethics Adjudicatory Board concludes that Mr. Comeaux violated La.R.S. 42:1113(A)." The fact that the court did not assess a fine is not relevant in determining whether legal expenses can be reimbursed.
Accordingly, it is the opinion of this office that because the Ethics Adjudicatory Board concluded that Mr. Comeaux violated La.R.S. 42:1113(A), public funds cannot be used to reimburse Mr. Comeaux for the legal expenses he incurred defending himself from the ethics charges. *Page 4 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By:________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/chb *Page 5 
 SYLLABUS Opinion 10-0290
90 — A — 1 PUBLIC FUNDS CONTRACTS La.Const. art. VII, Sec. 14
The Ethics Adjudicatory Board's finding that a public official violated La.R.S. 42:1113(A) prohibits public funds from being used to reimburse the public official for the legal expenses he incurred defending himself from ethics charges, notwithstanding the fact that the Board waived any fine or penalty for the violation.
J. Wayne Landry Assistant District Attorney Sixteenth Judicial District Courthouse Bldg., Suite 200
300 Iberia Street New Iberia, Louisiana 70560-4583
Date Received:
Date Released:
Lindsey K. Hunter Assistant Attorney General